**IN THE UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ELAINE D. MAHERAS,** | ) | |
| | ) | |
| **PLAINTIFF(S),** | ) | |
| **v.** | ) | |
| | ) | **Case No. 11 CV 05552** |
| **JEAN VLACHOS, AND PENN** | ) | |
| **MUTUAL LIFE INSURANCE** | ) | |
| **COMPANY,** | ) | |
| | ) | |
| **DEFENDANT(S).** | ) | |

## MOTION FOR SUMMARY JUDGMENT

**NOW COMES THE PLAINTIFF, ELAINE D. MAHERAS**, by and through

her attorney, **THE LAW OFFICES OF SEAN M. LAZZARI, P.C.,** pursuant to the

provisions of Rule 56 of the Rules of Civil Procedure and respectfully moves this Court

for Summary Judgment to be entered in her favor and against the Defendant, Jean

Vlachos and in support of her Motion states as follows:

### INTRODUCTION

1.      That this matter was originally filed in the Eighteenth Judicial Circuit,

DuPage

County Illinois, under case number 2011 CH 003169.

2.      That pursuant to the Notice of Removal filed by Penn Mutual Life

Insurance Company this matter was removed to the United States District Court for the

Northern District of Illinois and assigned before this court.

3.      That the Defendant Penn Mutual Life Insurance Company has been

1

granted leave to pay the proceeds of the insurance policy to the Clerk of the Court pending a final determination by this Court.

4.      That on October 26, 1986, the Plaintiff was married to George Maheras. See finding of Court in Judgment for Dissolution of Marriage attached as Exhibit A to this Motion.

5.      That one child was adopted to the union of the Plaintiff and George Maheras, namely, Lukas George Maheras, date of birth September 16, 1993. See Order of April 3, 2012, (attached as Exhibit B) correcting a Scribner's error in the original Judgment for Dissolution of Marriage attached as Exhibit A.

6.      That on November 17, 2004, the marriage of the Plaintiff and George Maheras was dissolved under Case No 2004 D 2356. See Exhibit A and admitted by the Defendant Vlachos.

7.      That pursuant to the terms of the Judgment for Dissolution of Marriage, the Plaintiff, herein, was named the residential parent of the child of the parties. See attached Exhibit A page seven paragraph 3.

8.      That George Maheras was ordered, inter alia, as follows:

"1. Husband at his sole expense, shall obtain and maintain in full force and effect life insurance on his life having an unencumbered death benefit in the amount of $400,000.00. Husband shall immediately execute and deliver all documents necessary to designate Wife as Trustee to receive such death benefits for the benefit of the minor child of the parties. Said Insurance and the beneficiary designation required hereby shall be maintained by HUSBAND until all obligations on this part to contribute to child support, higher educational expenses and maintenance for the children of the parties have

2

terminated. HUSBAND shall accomplish the following:

    a. Deposit copies of the life insurance policies with WIFE.

    b. Pay all premiums when they become due.

    c. Provide evidence each year that all premiums have been paid upon the request of WIFE.

    d. Not borrow against those policies in the future.

    e. Renew all policies when required, so as to keep them fully effective.

    f. Do all other acts and execute all documents needed to keep the policies in full force and effect and to accomplish all matters set forth above.

    3. In the event the designated beneficiaries receive the full amount of insurance proceeds required by this Article, the children or their representatives shall, in addition to all other appropriate remedies, have a valid and subsisting claim against the estate of HUSBAND or WIFE in the amount of the deficiency of said proceeds.

    4. In the event the designated beneficiaries receive the full amount of insurance proceeds required by this Article, the children or their representatives waive all further claims against their deceased parent's estate for support."

(See Exhibit A and admitted by the Defendant Vlachos.)

    9. That at the time of the entry of the Judgment for Dissolution of Marriage George Maheras has three separate life insurance policies on his life one of which was the policy which is the subject of this complaint, namely a policy with Penn Mutual Life Insurance Co Policy No. 8157849. (hereinafter Policy) Admitted by Defendant Vlachos as to the policy which is the subject matter of this litigation.

    10. That subsequent to the entry of the Judgment for Dissolution of Marriage

3

George Maheras remarried an individual by the name of Jean Maheras, nka Fay V. Vlachos, the defendant herein. Admitted by the defendant Vlachos.

     11.    This marriage also ended by way of a Judgment for Dissolution of Marriage entered under Case No. 06 FC -11770 "In the Family Court of St. Louis, Missouri." Admitted by defendant Vlachos.

     12.    That George Maheras died on May 30, 2011. See death Certificate attached as Exhibit C.

     13.    That at all times relevant to this complaint, George Maheras was the owner of the Policy.

     14.    That at some time after the entry of the Judgment for Dissolution of Marriage in DuPage County, Illinois, George Maheras in violation of the terms of that Judgment, changed the beneficiary on the Policy from Elaine Maheras as Trustee to Jean Maheras, n/k/a Jean Vlachos who remained the named beneficiary at the time of his death. See attached Insurance Policy at Exhibit D.

     15.    That the child of the Plaintiff herein and the deceased George Maheras is currently eighteen years of age (seventeen at the time of his father's death) and is a senior in high school and will be attending college upon his graduation from high school (See affidavit of Plaintiff attached as Exhibit E.)

## DISCUSSION

     Illinois Courts have long held that, "When marital settlement agreements require an insured to maintain life insurance for the benefit of a particular beneficiary, that beneficiary has an enforceable equitable right to the proceeds of the insurance policies against any other named beneficiary except one with a superior equitable title."

4

**In re the Matter of Matthew Schwass and Pamela Schwass v. Nancy J. Schwass, 126 Ill.App.3d 512, 81 Ill.Dec. 1984.** See also **IDS Life Insurance Company v. Juanita Sellards, Deborah Sellards Bull and Charles David Sellards , 173 Ill.App.3d 174, 122 Ill.Dec. 928 (1988).**

It is undisputed under the facts of this case, that the martial settlement agreement required George Maheras to maintain life insurance for the benefit of the adopted child of the parties. The policy in dispute was in full force and effect at the time of the entry of the Judgment for Dissolution of Marriage. After the entry of the Judgment for Dissolution of Marriage, Mr. Maheras changed the beneficiary to that of the defendant Vlachos. The only question left for this Court to decide is whether or not defendant Vlachos has a superior equitable claim to the proceeds from the life insurance policy.

In the case of **IDS Life Insurance Company v. Juanita Sellards, Deborah Sellards Bull and Charles David Sellards , 173 Ill.App.3d 174, 122 Ill.Dec. 928 (1988),** the fact pattern was similar. A marital settlement agreement required the Husband to name the children of the marriage as the co-equal irrevocable beneficiaries on all existing policies in existence as of September 1, 1971 on his life and to maintain this beneficiary designation during the minority of said children. Subsequent to the divorce the Husband changed the beneficiary designation to his second wife who during the court proceedings claimed a superior equitable right to the proceeds based on four arguments:

a.    First, that she had no knowledge of the terms of the divorce.

b.    Second, that she did not obtain additional insurance coverage because her deceased Husband had told her she was the named beneficiaries under his life insurance policies.

c.    Third, that her current income was insufficient to meet her present bills,
and

d.    Fourth, she had to pay various bills as a result of his death.

The appellate court rejected all of these claims and found that the minor daughter of the parties had a superior equitable interest to that of the second wife.

There is currently no evidence of any superior equitable right to the proceeds of the policy that has been presented by the defendant Vlachos.

### CONCLUSION

That based on the pleadings filed to date, the facts alleged herein and the Exhibits attached hereto, the Plaintiff has shown that there is no genuine dispute as to any material fact and that the Plaintiff is entitled to summary judgment as a matter of law and that the court should impose a constructive trust on the proceeds of the life insurance policy and order the Clerk of the Court to pay the proceeds to the Plaintiff pursuant to the terms of the Judgment for Dissolution of Marriage.

**WHEREFORE, THE PLAINTIFF, ELAINE D. MAHERAS**, respectfully prays for an order of this court consolidation case number 2011 CV 05556 and to this case 2011 CV 05552.

Respectfully Submitted,

__//s// Sean M. Lazzari_//s//_____
SEAN M. LAZZARI
ATTORNEY FOR PLAINTIFF

6

LAW OFFICES OF SEAN M. LAZZARI, P.C.
ATTORNEY FOR PLAINTIFF
800 ENTERPRISE DRIVE
SUITE 204
OAK BROOK, IL 60523
630-571-3360
FAX 630-571-3367