```
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
         EASTERN DIVISION
```

| | |
|---|---|
| **ELAINE MAHERAS,** | |
| Plaintiff, | Case No. 11 C 5552 |
| v. | Consolidated for All Purposes with |
| **JEAN VLACHOS and PENN MUTUAL LIFE INSURANCE COMPANY,** | Case No. 11 C 5556 |
| Defendants. | Hon. Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Elaine Maheras' Motion for Summary Judgment. For the reasons stated herein, the Plaintiff's Motion is granted.

### I. BACKGROUND

George Maheras ("Decedent") and Elaine Maheras ("Plaintiff") were the parties to a DuPage County divorce proceeding in which judgment was entered on October 15, 2004. During their marriage the couple adopted a son, who was born on September 16, 1993. The judgment of the divorce (the "Judgment") incorporated the terms of the Martial Settlement Agreement (the "Agreement") between the parties. Article V, titled, "Life Insurance" provides:

> HUSBAND, at his sole expense, shall obtain and maintain in full force and effect life insurance on his life having an unencumbered death benefit in the amount of $400,000. HUSBAND shall immediately execute and deliver all documents necessary to designate WIFE as the Trustee to receive such death benefit for

the benefit of the minor child of the parties.
Said insurance and the beneficiary designation
required hereby shall be maintained by HUSBAND
until all obligations on his part to
contribute to child support, higher
educational expenses and maintenance for the
child of the parties have terminated. HUSBAND
shall accomplish the following:

A. Deposit copies of the life insurance policies with WIFE.
B. Pay all premiums when they become due.
C. Provide evidence each year that all premiums have been paid upon the request of WIFE.
D. Not borrow against those policies in the future.
E. Renew all policies when required, so as to keep them fully effective.
F. Do all other acts and execute all documents needed to keep the policies in full force and effect and to accomplish all matters set forth above.

. . . .

3. In the event the designated beneficiaries
fail to receive the full amount of insurance
proceeds required by this Article, the child
or their representatives shall, in additional
to all other appropriate remedies, have a
valid and subsisting claim against the estate
of HUSBAND or WIFE in the amount of the
deficiency of said proceeds.

4. In the event the designated beneficiaries
receive the full amount of insurance proceeds
required by this Article, the child or their
representatives waive all further claims
against their deceased parent's estate for
support.

Def.'s Am. Answer, Ex. A at 15-16.

At the time of the entry of the Judgment, Decedent had multiple life insurance policies, one of which, the Penn Mutual

Life Insurance Company Policy No. 8157849, (the "Penn Mutual Policy") is the subject of this litigation. The Penn Mutual Policy carried a $100,000 death benefit.

After the divorce, Decedent married Jean Vlachos ("Defendant"), who is apparently now known as Fay Vlachos. In September 2006, Decedent changed the beneficiary designation on the Penn Mutual Policy to Defendant, in violation of the orders of October 2004 Agreement. *See* Beneficiary Designation Form [ECF No. 9-2 at 1-2].

Decedent died on May 30, 2011. On May 31, 2011, an agent who wrote the Penn Mutual Policy notified Penn Mutual of Decedent's death and made a claim for the death benefit under the Penn Mutual Policy. At this time, Defendant was the named beneficiary.

On or about June 6, 2011, Plaintiff wrote a letter to Penn Mutual directing the company to withhold the disbursement of the proceeds because of a dispute as to the proper beneficiary. Plaintiff claimed she was the appropriate beneficiary of the Penn Mutual Policy pursuant to the October 2004 Agreement. Defendant claimed she was the beneficiary because her name appeared as the designated beneficiary on the Penn Mutual Policy when Decedent died.

On July 5, 2011, Plaintiff filed suit against Defendant and Penn Mutual Life Insurance Company in the Circuit Court of DuPage County. Penn Mutual Insurance Company then submitted a Notice of

Removal to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.  On September 21, 2011, Penn Mutual Insurance Company, in answer to Plaintiff's Complaint, submitted a Counter-Claim and Cross-Claim for interpleader pursuant to 28 U.S.C. § 1335, requesting that this Court determine the proper beneficiary of the Penn Mutual Policy.

On March 1, 2012, the Court discharged Penn Mutual Insurance Company in the interpleader action, ordering Penn Mutual to deposit the death benefit payable under the Penn Mutual Policy with the Court.

Subsequently, Plaintiff filed a Motion for Summary Judgment, claiming she is entitled to the proceeds of the Penn Mutual Policy as a matter of law in her capacity as trustee for her and Decedent's minor child pursuant to the October 2004 Agreement. Defendant opposes Plaintiff's motion, arguing that she has a superior right to the proceeds because she was the named beneficiary at the time of Decedent's death and further contending that Decedent's obligation under the Agreement has terminated.

## II.  LEGAL STANDARD

Summary judgment is appropriate if the moving party "shows that there is no genuine dispute as to any material fact and [it] is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a). A dispute is "genuine" if the evidence would permit a reasonable jury to find for the non-moving party.  A dispute is material if it could affect the outcome of the case.  *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 248 (1986). If the moving party satisfies its burden, the non-movant must present facts to show a genuine dispute exists to avoid summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The Court construes all facts and draws all reasonable inferences in favor of the non-moving party. *Ricci v. DeStefano*, 129 S.Ct. 2658, 2677 (2009). To establish a genuine issue of fact, the non-moving party "must do more than show that there is some metaphysical doubt as the material facts." *Sarver v. Experian Info. Sys.*, 390 F.3d 969, 970 (7th Cir. 2004).

If a party asserts that a fact cannot be, or is genuinely disputed, it must support that assertion with citations to materials in the record. Fed. R. Civ. P. 56(c)(1). Such cited materials must be served and filed. N.D. Ill. R. 56.1. A court need only consider cited materials, but it is within the court's discretion to consider the entire record. Fed. R. Civ. P. 56(c)(3). If a party fails to support an assertion, the court may consider the fact undisputed, and grant summary judgment if the record supports it, or issue any other appropriate order. Fed. R. Civ. P. 56(e). It is, however, within the Court's discretion to strictly apply the local rules or to overlook negligible transgressions. *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir. 1994).

## III. DISCUSSION

Plaintiff moves for summary judgment claiming that she had a vested right to the policy proceeds pursuant to the October 2004 Marital Agreement executed by Decedent and Plaintiff and contends that her claim to the proceeds is superior to Defendant. Defendant first argues that Plaintiff's motion for summary judgment should be denied because Plaintiff failed to comport with Local Rule 56.1. Next, Defendant contends that because the Penn Mutual Policy is not specifically referred to in either the October 2004 Agreement or Judgment that this policy is not necessary to satisfy Defendant's obligations under the Agreement. Finally, Defendant argues that even if the Court finds the Penn Mutual Policy necessary to satisfy the Agreement obligations, because Decedent's son has attained the age of 18, Decedent's obligation to maintain the life insurance policy for the benefit of his son terminated.

### A. Plaintiff's Failure to Comport with Local Rule 56.1

Defendant first argues that Plaintiff's failure to serve and file a statement of material facts which state that there are no genuine issues violates Local Rule 56.1(a)(3). Defendant also contends that Plaintiff violated the Local Rules because Plaintiff's motion for summary judgment (which does include numbered paragraphs that state factual allegations), failed to reference affidavits or other supporting materials from the record to every paragraph as Local Rule 56.1(a)(3) requires.

The Court agrees with Defendant with regards to Plaintiff's failure to adhere strictly to Local Rule 56.1. To date, Plaintiff has not filed a separate document entitled "Plaintiff's Rule 56.1 Statements of Material Fact," as the Local Rule requires. *See* Local Rule 56.1(a)(3). Instead, at the beginning of her summary motion, Plaintiff included 15 numbered paragraphs stating facts which Plaintiff considers undisputed. In the majority of these numbered paragraphs, Plaintiff included references to the record as support. While the Court finds that Plaintiff has failed to comport strictly with the Rule, because the Court has discretion in determining whether or not there is support for the fact in each paragraph, the Court finds that Plaintiff's filing complies with the spirit of the Local Rule. *See Stevo v. Frasor*, 662 F.3d 880, 887 (7th Cir. 2011) (stating that it is within the discretion of the district court to either insist on strict compliance with local rules or to overlook transgressions). Therefore, the Court will consider the 15 numbered paragraphs at the beginning of Plaintiff's summary judgment motion to be Plaintiff's 56.1 statements.

### B. Superior Equitable Right to Policy Proceeds

Plaintiff argues summary judgment should be granted because Illinois courts have routinely held that when a marital settlement agreement requires an insured to maintain life insurance for the benefit of a particular beneficiary, that beneficiary has an enforceable equitable right to such proceeds against any other
- 7 -

named beneficiary except a beneficiary with a superior equitable title. Defendant responds that she has a superior equitable title to the proceeds.

As a preliminary matter, Illinois law governs this dispute as it concerns the determination of the proper beneficiary to proceeds of a life insurance policy. *Prudential Ins. Co. v. Moore*, 145 F.2d 580, 583 (7th Cir. 1944) (reasoning that a federal court sitting in Illinois must follow Illinois state court law in determining which party is entitled to the proceeds of a life insurance policy); *Travelers Ins. Co. v. Daniels*, 667 F.2d 572, 573 (7th Cir. 1981).

Under Illinois law, the named beneficiary of a life insurance policy generally has a vested right to the proceeds of a life insurance policy when the insured dies. *Travelers Ins. Co.*, 667 F.2d at 573; *Bank of Lyons v. Schultz*, 318 N.E.2d 52, 56 (Ill. App. Ct. 1974). However, in Illinois, the courts routinely hold that "when a divorce decree orders a party to name his children as beneficiaries of his life insurance policy, those children are entitled to receive the proceeds, even if they were not the named beneficiaries at the time of the party's death." *Life Ins. Co. of N.A. v. Park et al.*, No. 01-C-2835, 2002 WL 908139, at *4 (N.D. Ill. May 6, 2002) citing *Smithberg v. Illinois Mun. Ret. Fund*, 735 N.E.2d 560, 566 (Ill. 2000).

For example, in *Georgia International Life Insurance Company v. Broday*, a divorce decree required an insured to name his minor

daughter the beneficiary of his $100,000 life insurance policy until the daughter reached the age of majority. *Georgia Int'l Life Ins. Co. v. Broday et al.*, No. 84-C-5234, 1985 WL 949, at *1-2 (N.D. Ill. May 3, 1985). Seven years after the decree was executed, the insured breached the decree, naming another individual as the beneficiary of the policy. When the insured died, an interpleader action ensued and the court ultimately awarded the decedent's minor daughter the proceeds of the policy, despite the fact she was not the named beneficiary at the time of the decedent's death. *Id.*; *see also Reliance Standard Life Ins. Co. v. Magli-Grant*, 503 F.Supp.2d 1050, 1053-54 (N.D. Ill. 2007) (finding that the children of the insured had a superior equitable right to the proceeds of a life insurance policy where the insured was required to maintain the policy for their benefit pursuant to a divorce decree).

Similarly, here, the divorce decree ordered Decedent to maintain life insurance policies with Plaintiff "as the trustee to receive such death benefits for the benefit of the minor child of the parties." Def.'s Am. Answer, Ex. A at 15; [ECF No. 30-1]. Decedent breached the terms of this agreement when he changed the beneficiary on the Penn Mutual Policy to Defendant. Defendant argues that Decedent's breach of the Agreement invalidated the Agreement. The Court does not agree. Where a divorce decree sets out certain obligations with respect to a life insurance policy and

the insured breaches the agreement, courts correct the default by applying the maxim that "equity regards as done that which should have been done." *Georgia Int'l Life Ins. Co.*, 1985 WL 949, at *2. Thus, the Court rejects Defendant's argument regarding her alleged superior equitable right and finds Decedent's son rights to trump Defendant's.

Defendant also avers that since the Penn Mutual Policy was not specifically mentioned in the Agreement, it is not necessary that this policy be used to fulfill the obligations of the Agreement. Defendant, however, fails to provide any support for such an argument. Moreover, the Agreement clearly states, Decedent shall "obtain and *maintain* in full force and effect life insurance on his life having an unencumbered death benefit in the amount of $400,000." *Id.* (emphasis added). After examining the first page of the Penn Mutual Policy it is clear that Decedent obtained this policy September 24, 2004. [ECF No. 1-2 at 1]. The Agreement was executed in October 15, 2004. Thus, the Penn Mutual Policy was in effect at the time the Agreement was executed. Therefore, because Defendant has failed to present any evidence to support the proposition that the life insurance policies must be expressly listed by provider and policy number in martial agreements, the Court finds Decedent was required to maintain the Penn Mutual Policy for the benefit of his adopted son.

### C. Age of Decedent's Son

Defendant next argues that Decedent's son should not receive the proceeds of the Penn Mutual Policy because pursuant to the Agreement, Decedent's obligations terminated upon Decedent's son emancipation.

Article VI of the Agreement, titled, Emancipation provides:

> For the purposes of this Agreement, a child shall be deemed to be emancipated upon the occurrence of the first of the following events:
>
> a) the child's death;
> b) the child's marriage;
> c) the child's attaining the age of eighteen (18) or completion of high school education, whichever later occurs; no later than 19 without further order of the court . . .

Def.'s Am. Answer, Ex. A at 16.

Defendant argues that since Decedent's son has now reached the age of 18 Decedent's obligations under the Agreement have terminated. Plaintiff acknowledges that her son has now reached the age of 18, but states at the time of Decedent's death, Decedent's son was only 17.

Under Illinois law, the age of the beneficiary of a life insurance policy maintained pursuant to a divorce decree is to be determined at the time of the insured's death. *Schwass v. Schwass*, 467 N.E. 2d 957, 960 (Ill. App. Ct. 1984). In *Schwass*, a divorce decree ordered the insured to maintain his life insurance policy as support for his minor children until they reached the age of

majority.  The court awarded the insured's daughter her full share of the proceeds of the insured's policy because she was "under the age of majority at the time of [decedent's] death and [had] an equitable interest in the insurance proceeds."  *Id.*

In this case, Plaintiff provided the Court an affidavit stating that at the time of Decedent's death, Decedent's son was 17 years old.  *See* Pl.'s Mot. for Summ. J. Ex. E at 1.  The Court finds this evidence sufficient to establish that at the time of Decedent's death his obligations under the Agreement had not terminated.  As such, the Court rejects Defendant's argument regarding the current age of Decedent's son and termination of obligations pursuant to the Agreement.

### IV.  CONCLUSION

For the reasons stated herein, Plaintiff's Motion for Summary Judgment is granted.

**IT IS SO ORDERED.**

                                Harry D. Leinenweber, Judge
                                United States District Court

**DATE:** 10/24/2012